IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARSHALL PETTY, # B-13277, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 15-cv-111-MJR** |
| | ) | |
| C/O KEMP, | ) | |
| C/O PATTERSON, | ) | |
| C/O WELSH, | ) | |
| C/O REID, | ) | |
| WARDEN STEPHEN DUNCAN, | ) | |
| BETH TREDWAY, | ) | |
| and ILLINOIS DEPT. of CORRECTIONS, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff is currently incarcerated at Lawrence Correctional Center ("Lawrence").

He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that Defendants

were deliberately indifferent to his medical needs.  The complaint is now before the Court for a

preliminary review pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to

conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous,

malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an

immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that

refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*,

209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The claim of entitlement to relief

must cross "the line between possibility and plausibility."  *Id*. at 557.   Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).   Although the Court is obligated to accept factual allegations as true,

*see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so

sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v.*

*Ross*, 578 F.3d 574, 581 (7th Cir. 2009).   Additionally, Courts "should not accept as adequate

abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.   At

the same time, however, the factual allegations of a pro se complaint are to be liberally

construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff's pleading consists of the following statement of claim, set forth here in

its entirety:

> C/O Welsh C/O Kemp C/O Patterson Warden S. Duncan Beth Tredway C/O Reid
> My 8th Amendment was violated [sic] I have a constitution right for medical care
> that is not so poor.  Illinois Department of Correction should be held liable for
> there [sic] poor actions.

(Doc. 1, p. 4).  In the section of the complaint where he lists the Defendants, Plaintiff states:

> C/O Walsh refuse to answer the panic button, C/O Kemp also was there, C/O
> Patterson also 1st shift.  My Attendant hit the panic button 2:15 p.m. until a Lt.
> came at 3:00 p.m.  Day room C/O Reid was told the wing officer 3 hours later he
> said H.C.U. denied me.

(Doc. 1, p. 2).

He also attaches a one-page affidavit, which repeats the allegation that Defendants

Reid, Welsh, Patterson, and Kemp did not answer the panic button (Doc. 1, p. 7).  His attached emergency grievance contains the additional facts that on January 19, 2015, "I fell hit my head back, I was found on the floor, I been shot in the head"[1] (Doc. 1, p. 8).  He continues, "my cellie hit the panic button, we were ignored, my cellie started hitting the panic button at 2:15 p.m."  *Id*.

Defendant Warden Duncan responded to the grievance on January 26, 2015, with a determination that the grievance was not an emergency.  *Id*.  Plaintiff filed this suit on or about January 28, 2015, as evidenced by his signature on his affidavit and motion for recruitment of counsel (Doc. 1, p.7; Doc. 3, p. 2).

Along with his complaint, Plaintiff filed a "motion for neglect, violating my 8th Amendment" (Doc. 4).  In it, he states that he "blacked out and was ignored by 1st shift and 2nd shift, I'm A.D.A."  (Doc. 4, p. 1).  The motion does not request any specific relief.

In the complaint, Plaintiff seeks damages and a "temporary restraining order of transfer" (Doc. 1, p. 5).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Plaintiff's pleading is barely understandable, and the factual content is very sparse.  Although it is replete with the sort of conclusory legal statements that are insufficient to state a claim, the complaint narrowly survives dismissal under § 1915A.  Upon consideration of the complaint together with Plaintiff's attached exhibits, and giving liberal construction to his factual allegations, the Court discerns that on January 19, 2015, Plaintiff fell and hit his head and possibly his back.  His cellmate hit the panic button to summon help.  However, the correctional

---

[1] Although Plaintiff gives no information in this pleading regarding his general physical condition, the Court takes notice that in his complaint in a previous action in this District, he alleged that he suffers from paralysis on the right side of his body, and he has seizures because he has two bullets lodged in his head. He has mobility impairments and needs round-the-clock medical monitoring.  *Petty v. Ill. Dept. of Corr.*, Case No. 13-cv-792-MJR-DGW (S.D. Ill., Doc. 1, p. 7). The Court thus assumes that Plaintiff's statement "I been shot in the head" refers to his old injury rather than to having been shot in the head on the day his panic button call was ignored.

officers on duty (Defendants Kemp, Patterson, Welsh, and Reid) failed to answer the call for help, and Plaintiff had to wait for at least 45 minutes before an officer responded at 3:00 p.m.

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.  Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).  *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).  The Eighth Amendment requires a defendant to take "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

A head injury from a fall presents a potentially serious medical condition that should prompt a prison official to get a medical evaluation for the affected prisoner.  In the scenario Plaintiff describes, it appears that none of the Defendant guards were immediately aware of the nature of his emergency, because they failed to respond or delayed responding to the panic button call for help.  This failure to act, in light of Plaintiff's pre-existing medical impairments, may constitute deliberate indifference.  Plaintiff may therefore proceed with his Eighth Amendment claim against Defendants Kemp, Patterson, Welsh, and Reid, for deliberate indifference to his need for medical attention.

Plaintiff also names Defendants Duncan (Warden), Tredway (warden in charge of the Health Care Unit), and the Illinois Department of Corrections in connection with his claim.  However, neither the complaint nor the attached exhibits suggest any deliberate indifference on

the part of these Defendants.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (internal quotations and citations omitted). The complaint does not indicate that either Defendant Duncan or Defendant Tredway was present or directly involved in the failure to respond to Plaintiff's panic button call for help. Plaintiff appears to have complained to them only after the incident. A prison official who fails to respond to grievances or complaints does not incur liability for an unconstitutional act committed by another individual. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Similarly, a prison administrator or supervisor is not liable in a civil rights action for the misconduct of subordinate employees. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). For these reasons, Plaintiff's deliberate indifference claim against Defendants Duncan and Treadway shall be dismissed.

However, because Plaintiff is seeking injunctive relief, Defendant Warden Duncan shall remain in the action, in his official capacity only, for the sole purpose of implementing any injunctive relief to which Plaintiff may ultimately be entitled if he should prevail. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive

relief is carried out).

Finally, Plaintiff cannot maintain a civil rights suit for damages against the Defendant Illinois Department of Corrections ("IDOC"), because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

Plaintiff mentions the Americans with Disabilities Act, but the complaint, as pled, does not suggest any claim under that statute. The IDOC would be a proper party if Plaintiff were seeking relief pursuant to the ADA. The IDOC shall be dismissed from the action, but the dismissal shall be without prejudice, to allow for the possibility that a proper amended complaint might include a viable ADA claim.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The "motion for neglect, violating my 8th Amendment" (Doc. 4) is **DENIED** without prejudice. As noted above, Plaintiff does not request any relief in this motion. He merely restates some of the matters included in the complaint, includes some additional facts, and references the Eighth Amendment and the ADA. Plaintiff is **ADVISED** that in the future, he should include all relevant factual allegations in his complaint, rather than present them in a piecemeal fashion in a separate document. If Plaintiff wishes to ask for injunctive or other relief

while this case is pending, he may file another motion.

**Disposition**

All claims against Defendant **DUNCAN** in his individual capacity are dismissed without prejudice for failure to state a claim upon which relief may be granted.  Defendant **DUNCAN** shall remain in this action in his official capacity only.

Defendants **TREDWAY** and the **ILLINOIS DEPARTMENT of CORRECTIONS** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **KEMP, PATTERSON, WELSH, REID,** and **DUNCAN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an

appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: February 25, 2015**

               s/ MICHAEL J. REAGAN
               Chief Judge
               United States District Court