IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL PETTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 15-cv-0111-MJR-SCW |
| | ) |
| C/O KEMP, | ) |
| C/O PATTERSON, | ) |
| C/O WELSH, | ) |
| C/O REID, and | ) |
| STEPHEN DUNCAN, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Marshall Petty was previously incarcerated at the Lawrence Correctional Center in Sumner, Illinois, but is currently incarcerated at the Dixon Correctional Center in Dixon, Illinois. On February 3, 2015, Petty filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he fell on January 19, 2015 and that guards at Lawrence didn't provide quick enough medical attention for the fall. The Court screened Petty's complaint pursuant to 28 U.S.C. § 1915A and dismissed some of the claims and some of the defendants from the case, but permitted Petty's medical claim to proceed against four guards and his request for injunctive relief to proceed against the prison's warden. Those remaining defendants have since moved for summary judgment on failure-to-exhaust grounds, claiming that the grievance dealing with the fall that was attached to the complaint was never appealed to the Illinois Review Board. The magistrate judge held a hearing on the exhaustion issue and then

1

filed a report and recommendation, advising the Court to grant the exhaustion-related motion for summary judgment. Petty has filed an objection to the magistrate judge's report, meaning that the report and recommendation is now ripe for review.

Since the passage of the Prisoner Litigation Reform Act, exhaustion of remedies is not optional—no action "shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." **42 U.S.C. § 1997e(a).** The exhaustion requirement is "designed to keep prisoner grievances in prisons and out of courts, on the theory that the primary responsibility for prisoner regulation should lie with prison officials rather than with federal judges." *Begolli v. Home Depot U.S.A., Inc.*, **701 F.3d 1158, 1161 (7th Cir. 2012).** To serve those goals and give the prison remedy process a chance of success, a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, **286 F.3d 1022, 1025 (7th Cir. 2002).**

Exhaustion is required in a number of circumstances. It is usually triggered in medical treatment cases, like the one Petty brings here. *E.g., Hopkins v. Milwaukee Secure Detention Facility*, **575 F. App'x 667, 668 (7th Cir. 2014);** *Jackson v. Shepherd*, **552 F. App'x 591, 592 (7th Cir. 2014);** *Palmer v. Fenoglio*, **510 F. App'x 476, 477-78 (7th Cir. 2013).** It is necessary even when a prisoner only wants money damages and even when the prisoner believes that his internal grievances will ultimately be denied. *Abdullah v. Bates*, **562 F. App'x 526, 527-28 (7th Cir. 2014).** And it applies even when a prisoner claims that he didn't know about administrative remedies, so long as he could

have become aware of them via reasonable diligence. *Hudson v. Corizon Med. Servs.*, **557 F. App'x 573, 574-75 (7th Cir. 2014)**. All that said, there are a few scenarios where exhaustion isn't necessary: it isn't required when prison officials block an inmate from the administrative process, *Wagoner v. Lemmon,* **778 F.3d 586, 590-92 (7th Cir. 2015)**; it isn't needed when no administrative process is available, *White v. Bukowski,* **800 F.3d 392, 396 (7th Cir. 2015)**; and it isn't required when prison officials could provide no relief whatsoever, *Thornton v. Snyder,* **428 F.3d 690, 696 (7th Cir. 2005)**.

A prisoner isn't entitled to a jury trial on the exhaustion issue, but he usually gets an evidentiary hearing to determine whether the prisoner exhausted his available remedies and, if he didn't, whether the failure to exhaust was the prisoner's fault or if officials caused it and it should be excused. *Pavey v. Conley*, **544 F.3d 739, 742 (7th Cir. 2008)**. The magistrate judge held just such a hearing in this case. Petty filed two responses to the exhaustion motion and some inconsistencies between the two left things confused—his first response suggested that he had tried to start the complaint process but had received no response, and the other stated that he filed an emergency grievance about the January 19th fall on the day it happened and received a response from the warden. The hearing cleared things up. Petty testified that he filed a standard grievance concerning another matter, one that predated the January 19th fall, on January 15th; he received no response to that grievance. He then fell on January 19th, filed an emergency grievance about that fall that same day, and received a response from the warden six days later telling him that his grievance wasn't an emergency. He took no further action on that grievance, instead opting to file suit in early February

3

2015.  Petty conceded that he didn't appeal the January 19th grievance to the Review Board, and for that reason the magistrate was of the view that the administrative remedies for this case—which concerns only the January 19th fall—weren't exhausted.

The undersigned has reviewed the transcript of the hearing and Petty's objections to the magistrate judge's report and is of the view that the magistrate judge got it right.  Petty makes a few objections to the magistrate judge's report and recommendation.  He first maintains that he didn't need to appeal the warden's denial of his emergency grievance because his past grievances were summarily denied or delayed, but anticipated futility doesn't excuse a prisoner from trying to exhaust the administrative process.  *E.g., Steiskal v. Lewitzke*, 553 F. App'x 611, 616 (7th Cir. 2014); *Edmondson v. McCaughtry*, 157 F. App'x 908, 910 (7th Cir. 2005).  Petty also argues that that he didn't have to engage in the standard three-step grievance process if he filed his grievance as an emergency.  That's true enough but beside the point—in typical circumstances, a prisoner must still exhaust the administrative process for grievances he dubs an emergency, meaning that he must at least appeal the denial of the emergency grievance to the Administrative Review Board.  See ILL. ADMIN. CODE § 504.850; *see also Glick v. Walker*, 385 F. App'x 579, 583 (7th Cir. 2010) (holding, in the context of an emergency grievance, that "one pass to the ARB [is] enough"); *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005) (prisoner who filed an emergency grievance that was denied as a non-emergency had to "follow through" and appeal to the Review Board, even if he thought the effort would be "futile").  Petty didn't appeal to the

Administrative Review Board here, and given the slow pace of civil litigation, he had to at least try an appeal before making a beeline to federal court.

At the end of the day, the testimony and the record show that Petty didn't appeal his January 19th grievance to the Board, so he hasn't satisfied the exhaustion requirement of the Prison Litigation Reform Act.  These failures weren't caused by prison obfuscation but were Petty's own fault, so his failure to exhaust his remedies shuts down this suit.  *Wagoner***, 778 F.3d at 590-92.**  The Court **ADOPTS** the magistrate judge's December 22, 2015 report and recommendation in full (Doc. 60), **OVERRULES** Petty's objections (Doc. 62), and **GRANTS** Defendants' motion for summary judgment (Doc. 42) on exhaustion grounds.  Petty's complaint is **DISMISSED without prejudice** for failure to exhaust.  As for the motions Petty made after the report and recommendation was issued, his pending motion for counsel (Doc. 64) is **DENIED** because Petty has not laid out his efforts to recruit counsel, as he was instructed to do by the magistrate judge, and because counsel would have made no difference to the outcome of exhaustion.  *Romanelli v. Suliene***, 615 F.3d 847, 852 (7th Cir. 2010).**  His motion to respond (Doc. 63) doesn't ask for any relief, so it is **DENIED** as well.  The **CLERK** is **DIRECTED** to enter judgment in favor of Defendants and against Plaintiff.

IT IS SO ORDERED.

DATED:  March 29, 2016

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**